William A. Hardt and Others, Respondents, *v.* Moses S. Levy, Appellant, Impleaded with Others.

Henry Winthrop Gray, Receiver, etc., Respondent.

*Action by the general creditors of a firm for the appointment of a receiver — maintainable against a limited, but not against a general partnership — objection to the acts of a receiver erroneously appointed — when too late.*

While an action by the general creditors of a firm for the appointment of a receiver, and the disposition of its assets, is maintainable against a limited partnership, it is not against a general partnership.

A receiver, appointed of the assets of a general partnership, in an action brought by its general creditors, without opposition on the part of the members of such firm, took possession of the estate and performed services in relation thereto which the members of such firm well knew entailed upon him, as an officer of the court, much labor and expense.

*Held,* that it was too late for them, after the facts had been within their knowledge for over two years and a half, to strip the receiver of all the money in his possession, treat him as a trespasser, and leave him to personally bear the burden of expenses necessarily and in good faith incurred by him while attempting to carry out the orders of the court ;

That the receiver should be permitted to render an account of his proceedings and make such disposition of the money in his possession as to the court might seem to be in accordance with law and justice.

Appeal by the defendant, Moses S. Levy, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 30th day of March, 1893, upon the decision of the court rendered after a trial at the New York Special Term, and also from an order made at the New York Special Term and entered in said clerk's office on the 12th day of April, 1894, denying the defendant's motion to vacate an order appointing a receiver and continuing an injunction.

This case has already been before the General Term (27 Hun, 225), where it was held that the limited partnership of Levy Bros. & Co., formed April, 1884, had become a general partnership; and that, consequently, an action could not be maintained by a general creditor for the appointment of a receiver thereof. (See, also, *Gray* v. *Levy*, 75 Hun, 96.)

*Benjamin N. Cardozo,* for the appellant.

*George Zabriskie,* for the receiver, Henry Winthrop Gray.

PARKER, J.:

We held at the October term of 1893, that while an action by the general creditors of a firm for the appointment of a receiver and the disposition of its assets is maintainable against a limited partnership, it is not against a general partnership; that the record disclosed the existence of a general and not a limited partnership by and between these defendants, and reversed the judgment which the Special Term had granted to the plaintiffs. The suit was commenced May 18, 1891, by the service of summons and complaint on the defendant Augustus H. Levy. On the same day an order to show cause, accompanied by affidavits, was served upon him directing that the defendants show cause at Chambers May 21, 1891, why a receiver of the property and assets of the said limited partnership should not be appointed and a temporary injunction granted.

There was no appearance in opposition to the motion, which resulted in plaintiffs' favor, Henry Winthrop Gray being appointed receiver of all the property, assets and effects of defendant's firm, Levy Bros. & Co.

In due course the receiver gave his bond, which was approved, and entered upon the discharge of the duties of the office. At the outset he found the sheriff in possession of the store occupied by the defendants, and of certain merchandise and other property therein. One of the coroners was also in possession of merchandise of considerable value. One Benjamin Croner, claiming to be a receiver appointed in proceedings supplementary to execution issued on a judgment entered in the county of Kings, also claimed possession of the merchandise and property of which Gray was appointed receiver. Understanding it to be his duty to take all necessary proceedings to get possession of the property, he promptly took the necessary steps in that direction, and in the end was successful. He also took proceedings to collect the accounts and turn the assets of the property into cash, in the doing of which he was obliged to employ counsel, clerks and assistants, necessitating the expenditure of considerable sums of money. During all this period of time this defendant knew that the receiver was in possession as an officer of the court, performing services and expending money for the benefit of the estate, but neither he nor his co-defendants took any steps to have him discharged as receiver. Nearly two years later

First Department. June Term, 1894.        [Vol. 79.

the plaintiffs obtained a judgment against the defendants in accordance with the prayer of their complaint, which, as we have already remarked, was reversed at the end of the following October term. After that this appellant made a motion to dissolve the injunction and to vacate the order appointing the receiver, and he insists upon this appeal from the order denying his motion that such a result logically and necessarily followed from the prior decision of this court. Were it not for the conduct of the appellant for over two years and a half, during which time the receiver was employing his skill and expending money for the benefit of the estate, we should feel constrained to recognize the correctness of his contention. But the defendant made no motion to dissolve the injunction and discharge the receiver, although he knew at almost the hour of the original appointment of the facts upon which the motion was based. Certain of the affidavits referred to on this motion were made May 25, 1891, four days after the temporary receiver was appointed. September 12, 1891, Moses S. Levy verified his amended answer to the complaint, so that he must have appeared at least some days before September twelfth, and in his answer he denied that the defendants' firm was a limited partnership.

Without more of detail it should be said that the defendants had full knowledge of all the facts upon which this motion was founded, and that, having it, they did not appear to oppose the appointment of the receiver. And having it, they saw him take possession of the estate of the partnership, witnessed his struggle with the sheriff, coroner and the receiver in proceedings supplementary to execution for the possession of portions of the property, all of which they well knew entailed upon him as an officer of the court much of labor and expense. Now, after all this lapse of time, they seek to strip this officer of the court of all the moneys in his possession, treat him as a trespasser and leave him to personally bear the burden of expense necessarily and in good faith incurred by him while attempting to carry out the orders of the court. They were silent when they should have spoken, and now will not be heard to insist that the receiver shall not be permitted to render an account of his proceedings and make such disposition of the money in his possession as to the court shall seem in accordance with law and justice.

The order should be affirmed, with ten dollars costs and printing disbursements.

FOLLETT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.