## PRESTON v. WINTER.

1. **Practice:** CHANGE OF VENUE. An application in vacation to change the venue in a cause should not be heard without notice to the adverse party. Rev. 1860, §§ 3429, 3430.

*Appeal from Linn District Court.*

FRIDAY, APRIL 13.

THE facts are stated in the opinion of the court.

*I. M. Preston* for the appellant.

*S. Corbett* for the appellee.

LOWE, Ch. J. — In this case the plaintiff applied to the judge, in vacation, for a change of venue, upon the ground 1. PRAC- of interest, the judge having been previously TICE: change of retained as counsel for the defense. On the 6th of venue. March, the change was made to Dubuque county, in the ninth judicial district, by an order indorsed upon the back of the application, which was afterwards entered of record on the fourteenth of the same month. On the same day the defendant made his motion to the judge, at chambers, that the order aforesaid, changing the venue, might be annulled and set aside, for the reason, among other things, that notice, verbal or in writing, actual or constructive, of said application, had not been given to defendant or his counsel. This motion was supported by affidavit made by the counsel of defendant, to the effect, that the suit had been pending since the fall of 1864; that on the 14th of March, counsel casually heard that a change of venue had been ordered; that he went immediately to the clerk's office to learn the facts in reference thereto, and was informed by the clerk that no change had been

ordered; that he examined the notice book and appearance docket of the court, but found no record or minute of any motion or notice of any motion to change the venue: Nevertheless, learning from the judge himself that he had ordered the change upon the application of plaintiff, the defendant filed the above motion, and after giving plaintiff due notice, the same was heard on the 16th, or two days thereafter; the plaintiff resisted and his counsel also made an affidavit of certain facts, in opposition thereto, not denying, however, that the suit had been pending since the fall of 1864, or that defendant had appeared by his counsel, Thomas Corbett; nor is it pretended that any notice of any kind or in any manner had been given of the time and place of his application to the judge to change the venue.

Under such circumstances, in view of the provisions of sections 3429, 3430, of the Revision, the judge was not authorized, in the absence of any notice to the opposite party, to order the change. He so felt, we presume, when he heard this motion, and accordingly set aside the order, and upon hearing the application again for the change, on the next day refused the same, having made, in the meantime, arrangements with Judge RICHMOND to hold, in his stead, the ensuing term of his court, which manifestly obviated all necessity for a change of venue for the reason assigned. Still the plaintiff excepted, but certainly for no reason which we can recognize. All such matters are so peculiarly within the discretion of the court, that unless that discretion is grossly abused, we ought not to interfere; and we see no reason whatever to do so in this case. Wherefore, the action of the judge in the premises is both approved and

Affirmed.