## LOOMIS v. McKENZIE.

31 425
101 332

1. **Venue: CHANGE IN VACATION.** Notice of an application for a change of venue made in vacation should be served on the opposite party.

2. **Partnership: APPOINTMENT OF RECEIVER.** Ill feeling and differences between partners, which are not shown to have resulted from the fault of the defendant, will not justify a summary order appointing a receiver to take possession of the property and wind up the affairs of the concern, where it does not clearly appear that the parties would suffer loss by continuing in possession of the property.

*Appeal from an Order in Vacation of the Judge of the 9th Judicial District.*

THURSDAY, APRIL 27.

THIS is a proceeding in equity. The petition alleges that a partnership exists between plaintiff and defendant in the livery business, to continue during the pleasure and will of the parties, each one having contributed equally to the capital of the firm, sharing equally in the profits, and to have, upon the dissolution of the firm, equal portions of the property; that the firm owns a large amount of property which, together with the good will of the business, cannot be divided without great loss, except by a sale. The petition asks that the firm be dissolved and that a receiver be appointed with power to take possession of the property and conduct the business of the firm, etc. Upon this petition a receiver was appointed.

By an amended or supplemental petition, it is averred that no amicable arrangement can be made by the parties for a division of the partnership property; that the firm is entirely solvent; that the property is exposed to loss and its management attended with increasing and unnecessary expense, and that the business of the firm and its good

will are suffering serious loss. An order is prayed for directing the receiver to sell the firm property. Another amended petition avers that by the terms of the agreement of the parties creating the partnership, which is in parol, one Robinson, who has an interest in the firm or rather with plaintiffs in the firm property and business, was to have the care and management of plaintiff's interest; that there is bitter and irreconcilable differences and difficulties existing between Robinson and defendant which render the continuance of the firm detrimental to the interests of the parties. Other allegations are contained in the amended petitions which need not be noticed.

Defendant answered the petition, alleging that by the agreement of the parties the partnership was to continue for five years, and that Robinson furnished the capital which is in the name of plaintiff and is interested in the firm. Other allegations of the answer need not be given. The defendant also moved in vacation for an order setting aside the appointment of the receiver, on the grounds that it was made without notice; that the partnership was to continue for five years by the agreement of the parties, and that petition does not state facts authorizing the dissolution of the partnership and the appointment of a receiver, and upon other grounds, which it is unnecessary to mention. A motion was made in vacation by plaintiff to change the venue of the cause on the ground of the alleged interest of the judge. This motion was overruled, and the motion by defendant to set aside the appointment of the receiver was sustained. From these rulings plaintiff appeals.

*S. G. Van Anda* and *C. S. Crosly* for the appellant.

*J. H. Peters* and *W. A. Heath* for the appellee.

BECK, J. — I. The motion for the change of venue was made pending the motion to set aside the order appointing

the receiver, and was determined on the same day, but before the last-named motion. No notice of this applica-

**1. VENUE: change in vacation.** tion for the change of venue was given to defendant, neither does it appear that he appeared and waived notice. For this reason the motion was properly overruled. *Preston* v. *Winter*, 20 Iowa, 264. Neither does it appear from the record that the judge had any, or such an interest in the case as would disqualify him from acting therein.

II. We are of the opinion that the petition failed to show that any differences or difficulties between defendant **2. PARTNERSHIP: appointment of receiver.** and the agent of plaintiff resulted from the fault of defendant, nor are we prepared to say that it shows a state of facts which requires the appointment of a receiver to take possession of the property in order to protect the rights of plaintiff. It is not shown clearly, as it ought to be, that on account of the alleged differences injury would result to the parties. Such differences, without the fault of defendant, do not authorize the summary proceedings instituted in this cause, certainly not unless it very clearly appears that the parties would suffer loss by continuing in possession of the property. These principles apply with more force to the case, in view of the fact that the preponderance of evidence before us is to the effect that the partnership, under an agreement of the parties, was to continue for five years, instead of being at the will of either party, as averred in the petition. The record in our opinion fails to show facts which will authorize a court of equity to annul or set aside that agreement. There appears no error in the action of the judge vacating the order appointing the receiver.

Affirmed.