ANDREW J. HINKLEY and others, in equity,

*vs.*

DEXTER BLETHEN and others.

Androscoggin. Opinion April 7, 1886.

*Equity. Receiver. Joint-stock companies.*

The plaintiffs, four in number, and the defendants, thirteen in number, are members of an unincorporated joint-stock company; the property of the company at the commencement of the suit consisted of a building, a small

amount of furniture and eighty-two dollars in money, in all of the value of about eleven hundred dollars; the stock was divided into ten-dollar shares, of which the plaintiffs owned twelve shares and the defendants the balance; the building was erected for the use of the Patrons of Husbandry, of which all the defendants are members, and the plaintiffs had been members. *Held*, that equity does not require that a receiver should be appointed to sell the property and divide the proceeds among the members of the company.

ON REPORT.

Bill in equity, heard on bill, answer and proof.

*Savage and Oakes*, for the plaintiffs.

It is not equity to deny the complainants a remedy. Let the building be sold; it can injure no one. If it is worth more to the defendants than to the complainants, they will offer more for it. If it is worth more to an outsider than to either, the complainants are entitled to the benefit of it. It is the fairest way to dispose of the property and have the legal rights of all protected.

We say that under the statutes this case is analogous to a case of partnership, where the court never hesitates to apply the remedy we seek here.

*Frank W. Dana* and *Willard F. Estey*, for the defendants.

WALTON, J. This is a suit in equity. The plaintiffs appear to be members of an unincorporated joint-stock company; and they pray that a receiver may be appointed, the property of the company sold, and the proceeds divided among the members.

We are not satisfied that the prayer of the plaintiffs ought to. be granted. The only property of the company is a building and its fixtures and a small amount of furniture, and less than a hundred dollars in its treasury, worth, all together, not more than ten or twelve hundred dollars. The building was erected by members of the Patrons of Husbandry, and has always been used by them as a place for holding their meetings, and apparently it is still needed by them for that purpose. The stock was divided into ten-dollar shares, of which the plaintiffs (four in number) own only twelve, the balance of the stock being owned

by the defendants (thirteen in number) all of whom are members of the Patrons of Husbandry. The plaintiffs were also members of the same society at the time when they acquired their interest in the property, but have since ceased to be such. The plaintiffs' bill of complaint contains an allegation " that said property 'is being mismanaged, wasted, and lost." This allegation is not proved. The net income of the property is not large, and we do not suppose its owners ever expected it would be. The building seems to answer well the principal purpose for which it was erected, and we do not think it would be just or equitable to deprive so large a majority of its owners of their interest in it to gratify the wishes of so small a minority. The minority can sell their interest if they do not wish to retain it; and probably they could realize as much for it in that way as they would be likely to if the whole property should be put into the hands of a receiver and be by him sold. The expenses attending the latter mode of disposing of the property would be very likely to absorb any additional price obtained in consequence of selling the whole instead of a part.

The bill when presented contained a prayer for an injunction against a proposed removal of the building from the lot on which it then stood to another. But a temporary injunction does not appear to have been obtained, and the removal has been effected ; and it is agreed that under the circumstances the removal was proper, and the claim for such an injunction is abandoned.

As the question has been very fully argued by counsel, it may not be improper to add that we do not doubt our jurisdiction in this class of cases. The ground of our decision is, not want of jurisdiction, but the absence of equity in the plaintiffs' case sufficient to require us to exercise it in the manner prayed for in their bill of complaint.

*Bill dismissed, with one bill of costs for defendants.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.