HENRY WALLACE v. THE PIERCE-WALLACE PUBLISH-
ING COMPANY AND J. M. PIERCE, Appellants.

101    313
138    266

101    313
142    145

**Receivers:** CORPORATION. Where a corporation owns stock in a second corporation, a dispute as to the management of such second corporation between the two sole stockholders of the first, will not authorize the appointment of a receiver for the first corporation, to take possession of the stock in the second.

SAME. Dissensions between two persons who are equal owners of the stock of a corporation, and are also its officers, will not justify the appointment of a receiver so long as no actual legal wrong is committed by either of them.

SAME. Where the stock of a corporation is owned by two persons, and the corporation owns stock in a second corporation, and one of the holders of the stock in the first was deposed as an officer in the second by the majority vote of the stockholders therein, a disagreement between him and the other stockholder, not as to the management of the first corporation, but because of the effect it might have upon the affairs of the second, is no ground for appointing a receiver of the first corporation to take charge of the stock owned by it in the second; the second corporation not being in court.

STOCKHOLDERS AS CREDITORS. Where two members of a corporation own the entire stock, and the corporation is indebted to each, but the indebtedness has not been reduced to judgment nor made a lien, and the corporation is solvent, neither of such members has a right, as a creditor, to the appointment of a receiver.

**Equity Jurisdiction:** DISSOLVING CORPORATION: *Receiver.* Equity has no jurisdiction to dissolve a corporation or wind up its affairs in the absence of statute, and Code, section 2903, providing for the appointment of receivers in civil actions, does not authorize the dissolution of a corporation by a court of equity, nor the placing of its property in the hands of a receiver.

SAME: *Majority rule.* The minority stockholders of a corporation, cannot dictate its policy, and no interference with its management in their behalf is justified, unless absolutely necessary to obtain justice.

NOTE.—As to the appointment of receivers of corporations, when no other relief is asked, see *note* to *Supreme Sitting, O. of I. H. v. Baker* (Ind.) 20 L. R. A. 210.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

THURSDAY, FEBRUARY 11, 1897.

SUIT in equity for the appointment of a receiver of a corporation known as the Pierce-Wallace Publishing Company, for the winding up of its affairs, and for general equitable relief. The lower court ordered the appointment of a receiver for one hundred and eighteen shares of the capital stock of a corporation known as the Homestead Company, owned by the Pierce-Wallace Publishing Company, and directed him to attend the meetings of the stockholders in the Homestead Company, and vote the stock for the Pierce-Wallace Company, and to care for and preserve the said stock under the orders and direction of the court in the premises. Defendants appeal.—*Reversed.*

*Guernsey & Bailey* for appellants.

A court of equity has no inherent jurisdiction to appoint a receiver for a private corporation.

High, Receivers, paragraph 288; Beech, Receivers, section 403; 20 Am. & Eng. Enc. Law, page 57; *Bangs v. McIntosh*, 23 Barb. 598; *Attorney General v. Bank of Niagara*, Hopkins, Ch 354; *Smith v. Los Angeles Superior Court*, 97 Cal. 348; *Howe v. Duel*, 43 Barb. 505; *Belmont v. Erie Railway Co.*, 52 Barb. B. 637; *Pond v. Framington & L. R. Co.*, 130 Mass. 194; *State, Merriam v. Ross*, 122 Mo. 435, 23 L. R. A. 534; *Jones v. Bank of Leadville*, 10 Colo. 464; *Heap v. Heap Manufacturing Co.*, 97 Mich. 147; *Murray v. American Surety Co.*, 44 U. S. App. 43 (70 Fed. Rep. 341); *Fischer v. San Francisco Superior Court*, 10 Cal. 129; *La Society Francaise v Fifteenth Judicial District Court*, 53 Cal. 495.

Our statutes with reference to the appointment of receivers, applicable alike to corporations and natural persons is, Code, section 2903, McClain's Code of 1888, section 4113.

In order to warrant the appointment of a receiver, there must exist:

1.  A civil action or proceeding pending.

2.  There must be some specific property in controversy, or, to use the language of the statute, "property which is the subject of the controversy."

3.  The application must be made by a party to such suit.

4.  In his application he must show that he has a probable right to, or interest in, the property in controversy, and "that such property or its rents or profits are in danger of being lost or materially injured or impaired," pending the disposition of the main controversy.

5.  The receiver may be appointed "to take charge of and control such property" under the court's direction, "during the pendency of the action."

The plaintiff has no title to the property in controversy; he has not a right to its possession; he has not a lien upon it; he has not a lien upon the proceeds of it; he cannot sell it; as a stockholder in the Pierce-Wallace Publishing Company he owns his stock in that company.

*White v. Griggs*, 54 Iowa, 650; *Clark v. Raymond*, 84 Iowa, 251; High, receivers, paragraphs 11, 12; *May v. Rose*, Freeman, Ch. (Miss.) 703; *Steele v. Aspy*, 128 Ind. 367.

If an injury were threatened this stock, and the evidence absolutely fails to show it, Wallace, as a stockholder in the Pierce-Wallace Publishing Company, could not maintain a suit, until he had first applied to the corporation and requested it to do it, and the corporation, under circumstances tantamount to fraud and

bad faith, had refused. A mere refusal would not be enough. The element of fraud or bad faith, or such circumstances as would throw doubt upon the good faith of the decision of the corporate authorities not to act, must be involved.

Cook, Stock & Stockholders (3d Ed.), sections 6 l4, 646; *Dodge v. Woolsey*, 59 U. S. 18 Howard, 331, 15 L. ed. 401; *Hawes v. Oakland*, 104 U. S. 450, 26 L. ed. 827; *New Birmingham Iron & L. Co. v. Blevens*, 12 Tex. Civ. App. 410.

In the absence of proof and averment of danger of impairment of the value of this stock, pending this suit, no receiver could be appointed, under any circumstances.

*Loomis v. McKenzie*, 31 Iowa, 425; *Sleeper v. Iselin*, 59 Iowa, 379; *Silverman v. Kuhn*, 53 Iowa, 436; *Paine v. McElroy*, 73 Iowa, 81.

A receiver can only be appointed as an incident to a pending action.

*Ex parte Whitfield*, 2 Atkins, 315; Gluck & Becker, Receivers of Corporations, section 10; High, Receivers (3d Ed.), sections 1, 13; *French v. Gifford*, 30 Iowa, 148; *Maish v. Bird*, 59 Iowa, 307; *Clark v. Raymond*, 84 Iowa, 251; *State v. Ross*, 2 Ohio N. P. 368; *Jones v. Bank of Leadville*, 10 Colo. 464; *People v. Weigley*, 155 Ill. 491; *Republican Mountain Silver Mines v. Brown*, 19 U. S. App. 203 (58 Fed. Rep. 644), 24 L. R. A. 776.

The record discloses no cause of action over which the court had jurisdiction.

The question presented is, whether a court of equity has jurisdiction on the petition of a private individual to dissolve a corporation.

A court of equity has no such jurisdiction.

Morawetz, Priv. Corp., sections 282, 283; High, Receivers, sections 288, 289; *French v. Gifford*, 30 Iowa, 153; *Hinckley v. Pfister*, 83 Wis. 64; *Hardon v. Newton*, 14 Blatchf. 376; *Re Mart*, 22 Abbott (N. C.) 227; *Magee v.*

*Geneseo Academy,* 17 N. Y. S. R. 221; *Wheeler v. Pullman Iron & S. Co.,* 143 Ill. 197, 17 L. R. A. 818; *Neall v. Hill,* 16 Cal. 145 (76 Am. Dec. 508); *La Societe Francaise v. Fifteenth Judicial District Ct.,* 53 Cal. 495; *Mason v. Supreme Court of Equitable League of America,* 77 Md. 483; *Folger v. Columbian Insurance Co.,* 99 Mass. 267; *Heap v. Heap. Mfg. Co.,* 97 Mich. 147; *Republican Mountain Silver Mines v. Brown,* 19 U. S. App. 203 (58 Fed. Rep. 644), 24 L. R. A. 776; *Verplanck v. Mercantile Insurance Co.,* 2 Paige, 452; *Bayless v. Orne,* Freeman, Ch. (Miss.) 172; *Waterbury v. Merchants Union Express Co.,* 50 Barb. 167; *Robertson v. Bullions,* 11 N. Y. 252; *State v. Merchants Insurance & Trust Co.,* 8 Humph. 252; *Baker v. Backus,* 32 Ill. 101; *Bank Commissioners v. Bank of Buffalo,* 6 Paige, 502; *Fountain Ferry Turnpike Road Co. v. Jewell,* 8 B. Mon. 142; *Attorney General v. Earl Clarendon,* 17 Ves. Jr. 491; *Slee v. Bloom,* 5 Johns. Ch. 379; *Van Pelt v. United States Metallic Spring B. & S. Heel Co.,* 13 Abbott, Pr. N. S. 331; *Attorney General v. Bank of Michigan,* Harr. Ch. (Mich.) 315; *Fischer v. San Francisco City & County Superior Ct.,* 110 Cal. 129.

A decree of dissolution does not necessarily involve a receivership.

*Havemayer v. San Francisco City & County Supreme Ct.,* 84 Cal. 377, 10 L. R. A. 627.

Does a disagreement between stockholders, in the absence of any charge of fraud, warrant a dissolution of a corporation under our statutes? The articles of incorporation constitute a contract.

*Heald v. Owen,* 79 Iowa, 23; *Republican Mountain Silver Mines v. Brown,* 19 U. S. App. 203 (58 Fed. Rep. 644), 24 L. R. A. 776.

The fact that there are deadlocks, and that the parties must seek relief from mutual concessions, forces concessions and makes interference unnecessary.

*Loomis v. McKenzie,* 31 Iowa, 425; *McGeorge v. Big
Stone Gap Improv. Co.,* 57 Fed. Rep. 262; *Glenn v. Liggett,* 47 Fed. Rep. 474; *Jones v. Bank of Leadville,* 10
Colo. 464; Gluck & Becker, Receivers of Corporations,
section 27; *Einstein v. Rosenfeld,* 38 N. J. Eq. 309;
*Little Warrrior Coal Co. v. Hooper,* 105 Ala. 665; *American Loan & T. Co. v. Toledo, C. & S. R. Co.,* Fed. Rep.
416; *Vanduzer v. Vanduzer,* 70 Iowa, 614; *Maben v.
Maben,* 72 Iowa, 658.

The court, by its order, practically undertakes the
management of the Homestead Company, which it
cannot do in this action.

*Hook v. Bosworth,* 24 U. S. App. 341 (64 Fed. Rep.
443).

*Dudley & Coffin* and *Bishop, Bowen & Fleming* for
appellee.

As a stockholder in the defendant corporation,
the plaintiff possesses the right to a voice in its management, and to have a share in its profits and ultimate assets.

Cook, Stock and Stockholders, section 11.

If his share, or right to share, in the corporate
management of property is materially interfered with,
and the corporation itself refuses, or is unable, to
redress the wrong, the ear of a court of equity ought
to be open to him.

*French v. Gifford,* 30 Iowa, 148.

The following authorities distictly recognize the
right of a stockholder to sue by reason of his interest as
such, and to have a receiver.

*Hill v. Glasgow Railway Co.,* 41 Fed. Rep. 610;
*Zabriskie v. Cleveland C. & C. Railway Co.,* 64 U. S. 23
How. 381, 16 L. Ed. 488; *Edison v. Edison United
Photograph Co.,* 52 N. J. Eq. 620; *Einstein v. Rosenfeld,*
38 N. J. Eq. 309; *Featherstone v. Cooke,* L. R. 16 Eq.

298; *Lawrence v. Greenwich Fire Insurance Co.*, 1 Paige 587.

The corporation, as such, cannot act, and neither director would respond to a call for aid from the other. With this condition of affairs existing, it is clear that either may sue, and have such relief as the facts may warrant.

*Wayne Pike Co. v. Hammons*, 129 Ind. 368; *Supreme Sitting of O. of I. H. v. Baker*, 134 Ind. 293, 20 L. R. A. 210; Cook, Stock and Stockholders, section 741, and note.

The prayer of plaintiff is also that it may have general equitable relief. Hereunder it may have any relief consistent with the pleadings and proofs, even though not specially asked for.

*Pond v. Waterloo Agricultural Works*, 50 Iowa, 596.

The court may appoint a receiver to avoid loss, and preserve the property until it can ascertain what are the rights of the parties. As a matter of course, the receiver may take possession of all the property. It has been held that this does not have the effect to work a dissolution.

*Life Association of America v. Rundle* ("*Rolfe v. Rundle*") 103 U. S. 222, 26 L. Ed. 337; *Parsons v. Charter Oak Life Insurance Co.*, 31 Fed. Rep. 305; *Hasselman v. Japanese Development Co.*, 2 Ind. App. 180.

To deprive a corporation of all its assets does not have legal effect to dissolve it, or even to impair its franchise. *State, Attorney General, v. Merchant*, 37 Ohio St. 251; Thompson, Corp., sections 6662, 6663.

The case presented is that of a corporation having a board of directors who, because of bitter personal enmity, which had been fed and fostered until reconciliation has become impossible, might as well be with the world between them, and with the existence of each to the other unknown, as far as anything like co-operation between them is concerned.

Equity will afford adequate relief in such a case. *Edison v. Edison United Phonograph Co.*, 52 N. J. Eq. 620; *Archer v. American Waterworks Co.*, 50 N. J. Eq. 33; *Lawrence v. Greenwich Fire Insurance Co.*, 1 Paige, 587; *Meier v. Kansas P. R Co.*, 5 Dillon, 476.

The courts will interfere whenever the managing agents of a corporation cannot, or will not, properly carry on its business.

Morawetz, Priv. Corp., section 273; *Pond v. Vermont Valley R. Co.*, 12 Blatchf. 280; *Featherstone v. Cooke*, L. R. 16 Eq. 298; *Lehigh Coal & Nav. Co. v. Central R. Co.*, 35 N. J. Eq. 349; *Elkins v. Camden & A. R. Co.*, 36 N. J. Eq. 467, affirmed; *Camden & A. R. Co. v. Elkins*, 37 N. J. Eq. 273.

Each stockholder having an interest in the corporate concern as an entirety is entitled to have his rights protected accordingly.

Cook, Stock & Stockholders, section 684; *Featherstone v. Cooke*, L. R. 16 Eq. 303.

If the disagreement between the managing agents could not be reconciled without one or the other abandoning conscience and his sense of honor and right, if no stockholders' meeting could be held at which the difficulty could be settled, or remedied, the court will proceed to wind up the affairs of the corporation.

Morawetz, Priv. Corp., section 282; *Re Suburban Hotel Co.*, L. R. 2 Ch. 737; *Faulds v. Yates*, 57 Ill. 416, (11 Am. Rep. 24).

DEEMER, J.—The Pierce-Wallace Publishing Company is a corporation organized under the laws of this state, having its principal place of business in the city of Des Moines. The stock is owned in equal shares by plaintiff and the defendant J. M. Pierce, and these parties are the sole directors and officers of the corporation; Pierce being the president and business manager, and Wallace the secretary and treasurer and

editor. This corporation owns one hundred and eighteen shares of the capital stock of another corporation known as the Homestead Company, and also owns and conducts two newspapers,—one known as the *Wisconsin Farmer*, conducted and carried on at Madison, Wis.; and another known as the *Live Stock Indicator*, published at Kansas City, in the state of Missouri. The one hundred and eighteen shares of stock owned by the Pierce-Wallace Company in the Homestead Company, is a majority of the stock in the latter company. The other stock is owned by S. F. Stewart, Frank Dunning, A. G. Lucas, and Pierce and Wallace in their individual capacity. In his original petition the appellee asked for a dissolution of the corporation and a distribution of its assets, but this he afterwards amended by striking out the prayer for dissolution, and the relief asked when the case was tried was the appointment of a receiver, and such equitable relief as the facts would warrant. His claim in this court is (using the language of his counsel):

"(1) That Pierce and Wallace were the sole and equal owners of the stock in the Pierce-Wallace Publishing Company. (2) That between these two men differences of a personal nature had arisen, and from an accumulation of causes had become so intensified that nothing in the way of conference or communication between them was possible. (3) That in consequence, no meeting of the board of directors or stockkolders could be had, and no authoritative direction could be given in the affairs of the corporation. (4) That Pierce had taken possession of and assumed control over the affairs and property of the corporation, and by one means and another, was excluding Wallace therefrom. (5) That in many respects, the management by Pierce was not only contrary to the views of Wallace, but, having taken sole possession,

and maintaining it by such means as might be required, he was manipulating matters in his own interest, and utterly disregarding the rights and wishes of Wallace." And he contends that the order appointing the receiver, should be sustained.

We are at a loss to know whether or not appellee is asking for the dissolution of the Pierce-Wallace corporation. He struck out this part of the prayer from his original petition, and does not expressly insist upon this relief, although his contention seems to be that at the final hearing he should have such a decree as would practically amount to a dissolution of the corporation. It may be that the reason why he does not ask that the corporation be dissolved is to be found in the fact that his counsel are of the opinion that such relief cannot be had under the facts as they are disclosed by this record. But, whether this be the fact or not, it is certainly true that, in the absence of express statutory authority, jurisdiction of courts of equity does not exist over corporate bodies to such an extent as to justify them in dissolving corporations, or of winding up their affairs and sequestrating their property. This seems to be so well settled that there is scarcely a dissenting voice in authority. See High, Rec. (3rd Ed.), sections 288, 289; Beach, Rec., section 403; 20 Am. & Eng. Enc. Law, p. 57; Morawetz, Priv. Corp., sections 282, 283; *French v. Gifford*, 30 Iowa, 153; Thompson, Corp., sections 4538, 4539, 6703. Our statutes do not, in terms, authorize the appointment of a receiver for the purpose of winding up a going corporation. The only provision we have is general in character, and does not relate to any specific class of cases. It is as follows: "On the petition of either party to a civil action or proceeding, wherein he shows he has a probable right to or interest in any property which is the subject of the controversy, and that such property or its

rents or profits are in danger of being lost or materially injured or impaired, * * * the court, * * * if satisfied that the interests of one or both parties will be thereby promoted and the substantial rights of neither unduly infringed may appoint a receiver to take charge of and control such property under its direction during the pendency of the action and may order and coerce the delivery of it to him." Code, section 2903. We have heretofore held that this section does not authorize the dissolution of the corporation by a court of equity, nor the placing of its property in the hands of a receiver which practically accomplishes the same purpose. *French v. Gifford, supra.* We have also held, however, that one who brings himself within the provisions of section 2903, may have a receiver appointed as well of the effects of a corporation as of an individual or co-partnership. *Dickerson v. Bank,* 95 Iowa, 392 (64 N. W. Rep. 395). And we also said in *French v. Gifford,* that there are cases in which a receiver will be appointed for the property of a corporation, as, for instance, where the officers have been guilty of a misappropriation of the funds or a breach of trust in the discharge of official duties.

Turning now to the record, to discover the facts upon which appellee relies for the appointment of a receiver, we find that his complaints are: (1) That Pierce had arrogated to himself the active management of the corporation, and excluded appellee therefrom, and withheld and refused to give appellee any satisfactory information as to the condition of the business, and had deprived him of the funds of the corporation, and of the management of its financial affairs, as treasurer of that concern. (2) That irreconcilable differences exist between appellee and Pierce, which render it impraticable and impossible for them to transact business with each other, or to consult together upon any business proposition.

(3) That the corporation is indebted to each of the stock-holders in the sum of five thousand five hundred dollars, and by reason of the feeling existing between these parties, no provision has been or can be made for the liquidation of this indebtedness.  (4) That no adequate provision can be made for the maintenance, operation, and continuance of the newspapers published by the corporation in Wisconsin and Missouri.  (5) That the business of the corporaton cannot be carried on as intended and provided for in its articles of incorporation, and that the objects of the corporation and the intendment of its stockholders are completely frustrated.  These are the substance of the allegations of the petition.  The evidence adduced in support of them shows that the state of feeling between these men is very bitter, and that they scarcely ever meet without some fuel being added to the flame.  But it seems that their trouble grew out of, and largely, if not wholly, relates to, the management and control of the Homestead Company.  Various and sundry disagreements arose between Pierce and Wallace as to the conduct and policy of this paper; and Wallace, who was until recently its editor, was finally deposed by action of its board of control.  This and numerous other suits followed, and a train of unfortunate litigation is impending.

In considering the case we must carefully distinguish between the various corporations which are more or less involved in the proceedings.  The suit is against Pierce and the Pierce-Wallace Publishing Company; not against the Homestead Company, nor its stockholders or officers.  Of it, therefore, we have no jurisdiction.  And we should approve of no order which will have the effect of controlling its management or directing its affairs, unless it of necessity results from giving effect to a proper order made in a proceeding against the Pierce-Wallace

Company.   The only difference between the parties
relating to the Pierce-Wallace Company, grew out
of the publication, in the Wisconsin paper, of some
essays delivered at a session of the Farmers' Institute,
in that state, in advance of their official publication
under the auspices of the dean of the University of
Wisconsin.   This difference arose in May, 1894, more
than one year prior to the bringing of this suit, and
seems to have been satisfactorily adjusted; at least the
parties continued in business for many months after
this dispute, and it was so inconsequential in charac-
ter that no court would be justified in appointing a
receiver on account of it.   Wallace says that Pierce
deposited all the funds of both the Homestead Company
and the Pierce-Wallace Company in his own name, and
assumed all the duties of treasurer of both corporations,
although he (Wallace) was the duly elected treasurer.
The record discloses that Pierce did deposit the funds of
both corporations in his own name, and for a time
drew his checks against the deposits; that this was
done at the suggestion of Wallace, or at least with his
acquiescence, until more serious difficulties arose
between the parties as to the conduct and manage-
ment of the Homestead Company, at which time Wal-
lace insisted upon recognition of his rights as treasurer.
His demands were acceded to in so far as the deposit-
ing of the funds was concerned, with some little delay,
which is at least partially explained; and at the time
of the commencement of this suit the funds of the
Pierce-Wallace Company were deposited in the name
of that company.   After Wallace's deposition as editor
of the *Homestead*, he brought a suit to compel Pierce
to turn over to him, as treasurer, the funds of the
Pierce-Wallace Company.   After the suit was com-
menced, Pierce agreed to turn over these funds, and,
for aught that appears in the record, this agreement
has been complied with.

These are all the matters of difference between these parties as to the Pierce-Wallace Company, and it is manifest from the order made by the lower court, that he did not regard them as sufficient to justify the appointment of a receiver of all property of this corporation, for he directed the receiver to take charge of nothing but the one hundred and eighteen shares of stock of the Homestead Company. And, if there were any doubts about the matter, they would be dispelled by appellee's own testimony, wherein he says: "We have never had any disagreement with *reference to the matters of the Pierce-Wallace Publishing Company except the one I have referred to.* We continued to run the affairs of this company from February, when this controversy arose, until February in the next year. *During this year there was never a controversy with reference to any matter pertaining to the Pierce-Wallace Company's affairs, except at the very start in this Wisconsin business,* for the reason that during that year, after this started, I knew little or nothing about the affairs of the company. I don't know whether we would have had a controversy if I had known anything about it. I stated that as the reason why we did not have a controversy. I do not know any more about them now than I did then." It is perfectly apparent, that appellee has no right to a dissolution of the Pierce-Wallace Company, and that a receiver should not be appointed for all its property, nor any part of it, unless there be something in the controversy with reference to the Homestead Company matters which is a justification for the order authorizing the receiver to take charge of the stock of that company, owned by the Pierce-Wallace corporation.

With reference to the Homestead Company, we find there are decided differences between the members of that company, which are, apparently irreconcilable;

but they relate to matters *intra vires*, and, except as hereafter noted, do not have reference to the Pierce-Wallace Company. These disputes are quite largely, if not wholly, related to the editorial management of the newspaper published by the Homestead Company; Wallace insisting, that he should control the utterances of that department, while Pierce, and the other stockholders and directors, were asserting the right of supervision, and, to a certain extent, at least, control, of the editorial columns. The breach caused by this difference widened until it led to the deposition of plaintiff, by the regular vote of the directors of the corporation, from the editorial management of the paper. Now, without going into the merits of this unfortunate controversy, and without indicating our views as to who is at fault, we simply say, that if it be conceded that the managers and directors of the Homestead Company were at fault, it would give the plaintiff no right to the appointment of the receiver. The Homestead Company is not a party to this suit. It is an independent corporation, composed of different stockholders from those who own the stock in the Pierce-Wallace Company, and is managed by other officers. Again, no actionable fraud is charged against the officers of the Homestead Company. Plaintiff was deposed by a regular majority vote, and as a minority stockholder or officer, he has no cause for complaint. It is a general rule that a minority cannot dictate the policy of the corporation, and no interference with its management in their behalf, can be justified, unless it be absolutely necessary to the attainment of justice. *Peatman v. Power Co.*, 100 Iowa, 245 (69 N. W. Rep. 541). But we have already said too much as to the power to appoint a receiver for the Homestead Company, for such relief is not asked, and the receiver was not granted in a suit against it.

The appointment was made with directions to the receiver to take charge of a part of the property of the Pierce-Wallace Company, to-wit, the stock owned by it in the Homestead Company; and the part of this opinion referring to this last named corporation, is designed to make plain the difference which exists in these two bodies, and to show, if we can, that a dispute as to the management of the Homestead Company will not of itself authorize the appointment of a receiver for the other corporation. We take it from the record that the lower court concluded that there were such differences between Pierce and Wallace as to the management of the Homestead Company that they could not act together in matters relating to the Pierce-Wallace Company, and could not properly represent the latter corporation in the meetings of the Homestead Company; and it seems that the receiver was appointed in order that it might be represented at the meetings of the stockholders of the Homestead corporation. It further appears that the court below did not think there were such differences as would hinder the Pierce-Wallace corporation in the exercise of its functions, except in relation to the Homestead stock, for he denied the receivership as to all the property save this stock; and we may say, in justification of the court's refusal, that we think it was right in so doing. Plaintiff has not been denied any right in this corporation. He is still at liberty to handle the funds and to perform his duties as a stockholder, director, and officer. What have we, then, as to the management of the stock in the Homestead Company?

It appears, that after Wallace's deposition as editor of the *Homestead* paper, he demanded a meeting of the board of directors. Pierce called the meeting, but Wallace was out of town. It is said that Pierce did

not know of his absence, but this is immaterial, for the reason that a second meeting was called shortly afterward, when Wallace was in the city, and this he refused to attend. As soon as the meeting was called, Pierce drew up a resolution, which gave to each of the parties a proxy to vote one-half of the Homestead Company stock at the meeting of that corporation. This resolution was submitted to Wallace in advance of the meeting, as indicating Pierce's views; and it seems that Pierce was anxious that all matters with reference to the action of this corporation should be agreed upon, to avoid any possibility of difficulty. Now, it seems to be held by some of the English courts that a receiver will be appointed where there is such a dispute among the members of a governing body as prevents the affairs being carried on properly. See *Featherstone v. Cooke,* L. R. 16 Eq. 298; 2 Cook, Stock, Stockh. & Corp. Law, section 684; Morawetz, Priv. Corp., sections 284, 285. Mr. Cook says, however, the court will not interfere unless the corporation is in a condition in which there is no proper governing body, or there are such dissensions in the governing body, as that it is impossible to carry on the business with advantage to the parties interested. "In such a case the court will interfere, but only for a limited time, and to as small an extent as possible." There are other authorities holding to a contrary doctrine. *American Loan & Trust Co. v. Toledo, C. & S. Railway Co.,* 29 Fed. Rep. 416; *Coal Co. v. Hooper* (Ala.) 17 So. Rep. 118; *Einstein v. Rosenfeld,* 38 N. J. Eq. 309. And it is manifest that courts are loath to appoint a receiver for the mere purpose of carrying on the business of a corporation which is being conducted by its proper officers, although not to the profit or satisfaction of its stockholders, for the reason, as said by Judge Thompson, in his work on Corporations, at section 6834, "that the sovereign does not furnish public agencies for the

carrying on of private enterprises." But, whatever may be the true rule with reference to this matter, it appears that the Pierce-Wallace Company is being managed by the officers selected for that purpose, just as it was before plaintiff was deposed, except that he has voluntarily refused to attend its meetings, or to participate in the management of its business. There has been no such disagreement between the officers of this corporation, with reference to its affairs, as to render it impossible for it to carry on the business for which it was organized. The record shows but one meeting of the directors after plaintiff's deposition as editor of the *Homestead*, and this he refused to attend. Not, as we understand it, because of any disagreement between the directors or stockholders as to the management of this corporation, but because of the effect it might have upon the affairs of the Homestead Company. Evidence is abundant to the effect that all essential differences grew out of difficulties which arose with reference to the management of the *Homestead;* and that these litigants are not at variance with reference to the management of the Pierce-Wallace Company. Plaintiff, as we believe, failed to attend the meetings of the latter corporation simply because he did not wish to have the stock held by it in the Homestead Company represented at the meeting of this last-named concern, and would not agree to the appointment of proxies, as suggested by Pierce, solely because of the effect it might have upon the *Homestead* difficulty.

Whether there will, in the future, be such dissensions and differences between these parties as will authorize the appointment of a receiver,—conceding that one may be appointed for these causes,—is almost wholly a matter of conjecture. It does not follow that because of trouble in the management of the *Homestead*, the business of the defendant corporation cannot

be carried on. If differences should arise in the future, it will then. be time to consider the rights of the parties. We have already mentioned the fact that claim is made that the corporation is indebted to plaintiff and defendant Pierce. The evidence established this claim. But it does not appear that this indebtedness has been reduced to judgment, or that any lien exists against the property of the corporation. And it is clearly shown that the corporation is perfectly solvent, and able to meet its obligations. Plaintiff has no right as a creditor to the appointment of a receiver. This is a familiar doctrine and requires no citation of authorities to support it.

Reference has been made to the case of *Dickerson v. Bank*. In that case it was found that there was such an action pending as justified the appointment of a receiver. It appeared, however, that the corporation was insolvent; that the officers were continuing the business at a loss, and were allowing the assets to be scattered, so that they could not be realized upon without great sacrifice; and that plaintiff, as a stockholder, was subject to a double liability under our statute. No one of these facts are present in this case. The only claim which has any merit is that there are dissensions among the stockholders and directors which render it impossible for the corporation to carry on its business.

The relief asked is, in effect, the dissolution of the corporation, or, if this be not the prayer, it is that the management of the corporation be taken out of the hands of the officers who have been conducting its business, and placed in the hands of an officer of the court for some indefinite period. It has already been seen that this is rarely, if ever, done; and, if such practice should be approved in this court, it is well to inquire, how long should the receivership be continued? There are but two stockholders

in this corporation, plaintiff Wallace and defendant Pierce. Now, a court of equity has no power to make them agree; and, if their differences are such as that it is impossible for them to carry on their business, it is not likely that the appointment of a receiver will bring about a reconciliation. It is practically conceded that a court of equity has no power, in the absence of a statute, to dissolve a going corporation. What, then, must result? Either that a court must carry on this business for the interest of the stockholders until the corporation is dissolved by lapse of time, or that one of the parties should sell his stock, or such portion thereof, as will give a majority to one or the other of these litigants. We have already seen from the cases cited, that it is with great reluctance that, any court authorizes the appointment of a receiver because of dissension in the governing bodies, and when it does "it will only interfere for a limited length of time, and to as small an extent as possible." It is not necessary to decide whether the rule announced in *Featherstone v. Cooke* is applicable in a state where the statute enumerates the causes for which a receiver may be appointed, for, if we accept it as correct doctrine, we do not think it applies to the facts of this case. It may be unfortunate that there is no remedy other than a sale of his stock by one or the other of the stockholders, but, if this be the case, it is a situation into which the parties voluntarily placed themselves; and, so long as no actual legal wrong is committed by either, they must be content with their condition. Our conclusions find support in the following, among other authorities: *Hinkley v. Blethen*, 78 Me. 221 (3 Atl. Rep. 655); *Pond v. Railroad Co.*, 12 Blatchf. 280, Fed. Case No. 11,265; *State v. Ross* (Mo. Sup.) 25 S. W. Rep. 947; *Loomis v. McKenzie*, 31 Iowa, 425; *People v. Weigley* (Ill. Sup.)

40 N. E. Rep. 300; *Strong v. McCogg* (Wis.) 13 N. W. Rep. 895; *Hinckley v. Pfister* (Wis.) 53 N. W. Rep. 21; *French Bank Case,* 53 Cal. 495; *Republican Mountain Silver Mines v. Brown,* 7 C. C. A. 412 (58 Fed. Rep. 644); Spelling, Priv. Corp., section 851; *Jones v. Bank,* 10 Colo. 464 (17 Pac. Rep. 272). The district court was in error in appointing the receiver and its order is REVERSED.