CONGRESS GARAGE COMPANY v. OSCAR M. NELSON AND ANOTHER.
OSCAR M. NELSON, APPELLANT.[1]

November 30, 1923.

No. 23,584.

**Appointment of receiver erroneous.**

> In this action, brought by a corporation to recover money and property alleged to be retained or converted by its president, the appellant, a receiver was appointed for plaintiff on its motion, and appellant was directed to turn over property and money in his hands to the receiver. There is no claim of insolvency on the part of the corporation; no shares of stock have been issued or subscribed for; no valid agreement for the acquisition of the money or property in appellant's hands is shown, and its right to any recovery at all appears doubtful. *Held:* On the showing made the court erred in appointing a receiver.

Action in the district court for Hennepin county for the appointment of a receiver of plaintiff corporation and to restrain defendant Nelson from disposing of plaintiff's property and to remove him

[1]Reported in 195 N. W. 922.

from office as director and president of plaintiff. From an order, Bardwell, J., appointing a receiver, defendant appealed. Reversed.

*John A. Nordin*, for appellant.

*Loren Risk* and *M. C. Tifft*, for respondent.

HOLT, J.

In this action, brought by a corporation to recover from defendants its alleged property and money in their hands, it asked the appointment of a receiver for itself. From the order appointing such receiver, defendant Nelson appeals.

It certainly is a novel proposition for a plaintiff laboring under no disability, who seeks to recover large amounts of money and property from defendants, to ask the court to appoint a receiver for itself. A receiver is an officer of the court, and there appears no reason why a court should come to the rescue of a corporation plaintiff, appoint a receiver for it to gather in its property, and carry on its business and litigation. This is not an action for dissolution, nor one involving insolvency. It is simply to recover from defendants property which it claims to own or money belonging to it which they hold, or have misappropriated or converted. The fact that the defendant appellant is an officer in the corporation seems of no importance. It is true, he denies that the organization of plaintiff was ever fully consummated, that it ever did business, or acquired any property or rights in or to the money or property mentioned in the complaint; but its capacity to sue and carry on this action is not questioned. In that situation we see no occasion for the appointment of a receiver. If plaintiff prevails in the action and recovers a judgment for the property or money demanded, it is to be enforced in the ordinary way.

Looking into the facts and contentions as disclosed by the record, it appears that the controversy involves the right or property interests of two persons, the defendant appellant and one Frank E. Walsh. Appellant, Walsh, Edward J. Goff and Glen Ross caused plaintiff to be incorporated under the laws of this state. That is, articles of incorporation were duly executed by the four persons named, filed for record and published. Therein the four were desig-

nated directors. Appellant was named president until the first election to be held the second Tuesday in January, 1923, Walsh and Goff vice presidents, and Ross secretary and treasurer. The capital stock was to be $50,000, divided into 500 shares of the par value of $100 per share. Not a share of stock has ever been subscribed for or issued. No directors' or stockholders' meetings have ever been held. No indebtedness has been incurred. It does appear that, for some time prior to the formation of the corporation, appellant and his wife had been engaged in the automobile business in Minneapolis, and appellant had obtained a ground lease to a lot on Eighth street near Fourth avenue South where a building suitable for the trade was erected, and he had started and conducted business therein under the name of Congress Garage Company for a short time prior to the incorporation of plaintiff. Thereafter it was orally determined that the four persons named should form a corporation and take over the business and lease of appellant, but it does not appear that there was any agreement whatever as to the price and terms upon which this should be done. Within 30 days after the incorporation Walsh and Ross were to pay in $5,000 each and Goff $2,500, for which stock was to be issued. Walsh and Goff never paid in any amount. Ross paid in $3,500, but subsequently, when it appeared that Walsh and Goff could not or would not comply with the agreement, appellant gave Ross a note for the amount he had paid to appellant. It also appears that Walsh and Ross worked in the business and were each paid $200 per month from September 1 to January 1, 1923, the business being advertised as that of plaintiff's The payments from Walsh and Goff not being forthcoming, appellant refused to consider that the corporation or its intended stockholders had ever acquired any interest in his leasehold or property or in the business he had theretofore conducted. There is a claim by Walsh, disputed by appellant and Goff, that, when Walsh and Goff failed to raise the money the corporation should nevertheless take over the business, and, for one-fourth of the net profits made to January 1, 1923, stock should be issued to each of them. It is not claimed that there ever was any written agreement, or any agreement whatever as to the price

or terms upon which appellant's property and business was to be turned over to plaintiff.

We do not think the facts make a case for the appointment of a receiver for plaintiff, either under the statute or the rules of the common law. Courts to protect a stockholder should exercise the power to appoint receivers with caution. High, Receivers, § 294.

It is plain the controversy is here between two individuals, neither of whom has really any standing to assert the rights of a stockholder as against the other in this corporation. No creditor of the plaintiff asserts any right, or is shown to exist. In a case where one of two persons, somewhat similarly situated, brought an action against the corporation and the other to have a receiver appointed for the corporation, although both were creditors of the corporation, the order appointing a receiver was reversed. The two persons owned all the stock, and there were irreconcilable differences between them, rendering it impossible to transact the business; but the corporation was solvent. Wallace v. Pierce-Wallace Pub. Co. 101 Iowa, 313, 70 N. W. 216, 38 L. R. A. 122, 63 Am. St. 122. Here there is no insolvency; no stock has ever been issued or subscribed for; no property is shown to have come to the corporation by gift, or by any valid contract, and the money and property sought from defendant is not shown to have ever passed from him, nor to have been acquired by the corporation except by claims of such a doubtful character that no court is justified at this stage of the litigation in appointing a receiver for the corporation.

The order is reversed.