In the Matter of the ATTORNEY-GENERAL v. THE ATLANTIC MUTUAL LIFE INSURANCE COMPANY.

JAMES B. JERMAIN v. JAMES HENDRICKS et al. ; WILLIAM BARNES, Appellant; EDWARD NEWCOMB, Receiver, etc., Respondent.

*It seems* that the word " assets" as used in the provision of the act of 1869 (§ 17, chap. 902, Laws of 1869), authorizing the court to appoint a "receiver of all the assets and credits" of a life insurance company, means all the property, real and personal, of such company, and the receiver upon his appointment becomes vested with the title to all of the property of the company, including its real estate, and no formal conveyance to him thereof is requisite.

Where after the appointment of a receiver under said act, and after he had taken possession of certain of its real estate, a judgment was obtained against the company, and thereafter the real estate was sold on foreclosure. *Held*, that conceding the formal title to such real estate remained in the company after the appointment of the receiver, as the latter had the equitable title and possession prior to the recovery of the judgment,

his title was superior to the lien of the judgment, and he was entitled to any surplus arising on the foreclosure sale.

(Argued October 20, 1885; decided October 30, 1885.)

APPEAL by William Barnes from an order of the General Term of the Supreme Court, in the third judicial department, made the fourth Tuesday in January, 1885, which affirmed an order of Special Term denying an application of the said Barnes for an order requiring Edward Newcomb, receiver of the Atlantic Mutual Life Insurance Company, to pay over to said Barnes, a judgment creditor of said company, a sum in the hands of said receiver, claimed to be a surplus arising on foreclosure sale.

The material facts are stated in the opinion.

*William Barnes* for appellant. The defendant holds the money as trustee merely without having parted with any actual consideration therefor, and is under an obligation to pay it to the party justly entitled thereto. (*Mathews* v. *Duryee*, 45 Barb. 70.) When land is sold under a judgment and the surplus money is brought into court, creditors having liens upon the land have the same liens upon the surplus money which they had upon the land previous to the sale. Their liens are transferred from the land to the surplus. (*Averill* v. *Loucks*, 6 Barb. 470.) The surplus money arising under a sale in foreclosure stands in place of the land. (*Mathews* v. *Duryee*, 45 Barb. 70 ; *Blydenburgh* v. *Northrup*, 13 How. Pr. 289.) The date and order of the lien of a judgment is in all cases a question of time, depending on the day and hour when the judgment was docketed. (*Blydenburgh* v. *Northrup*, 13 How. Pr. 289; *Averill* v. *Loucks*, 6 Barb. 471; *People* v. *Rensselaer Ins. Co.*, 38 Barb. 324, 338; *Kincaid* v. *Dwinelle*, 59 N. Y. 548; *Willits* v. *Waite*, 25 id. 583.) Money in the hands of a receiver is *in custodia legis* for whoever can make out a title. (Edwards on Receivers, 2 ; Willard's Eq. Jur. [Potter's ed.] 48; 1 Story's Eq. Jur. 99, § 106; *Receiver* v. *Paterson G. L. Co.*, 23 N. J. L. [3 Zabr.] 293.)

The appointment of a receiver by a court of equity vests in him the title to the debtor's personal estate. But the title to the real estate is transferred only by force of the debtor's own conveyance, which the court has power to compel him to execute. (*Chautauqua Bank* v. *Risley*, 19 N. Y. 370.) Under the provisions of the Revised Statutes and the Code, the judgment of William Barnes against the company, docketed June 25, 1880, was the next lien to the purchase-money mortgage for $20,000, and the whole of the surplus moneys realized by the receivers over and above the amount of the said mortgage should be applied *pro tanto* on the said judgment against the company. (1 Edm. R. S. 707, § 1; 2 id. 373; re-enacted § 1250, Code; 2 Edm. R. S. 181; Code, § 1251; 3 Bank's R. S. [7th ed.] 2194, 2195, §§ 136, 137.)

*N. C. Moak* for respondent. The appointment of a receiver under chapter 202 of the Laws of 1869 vests the title to the real estate of the corporation in the receiver. (*Continental Company*, 28 Hun, 360; 93 N. Y. 630.) Upon the appointment of the receiver of the said company and all its assets, the title to the assets vested in the receiver for the creditors of the company. Neither the company nor any one acting under it could thereafter charge or incumber the assets vested in the receiver with any liability, or entitle one acting under or by authority of the company to any judgment against the receiver. (*In re Berry*, 26 Barb. 55; *People* v. *Security, etc.*, 23 Hun, 576; 71 N. Y. 226; *Morgan* v. *New York, etc.*, 10 Paige, 290.)

EARL, J. Edward Newcomb was appointed receiver of the Atlantic Mutual Life Insurance Company on the 6th day of August, 1877, under chapter 902 of the Laws of 1869. At and prior to that date the company owned certain real estate which was subject to a mortgage given by a prior owner thereof. Immediately after his appointment the receiver took possession of the property of the company, including the real estate. On the 25th day of June, 1880, William Barnes, the

appellant, recovered a judgment against the company, which was docketed in Albany county. On the 7th day of October, 1881, the receiver, pursuant to an order of the Supreme Court, sold the real estate to Barclay Jermain, for $10,400, subject to the prior mortgage. Some question having been made as to the receiver's title, that sale was rescinded, and an agreement made between Jermain and the receiver that upon a foreclosure sale under the mortgage Jermain would bid for the real estate the amount due upon the mortgage, together with the costs of the foreclosure, and that he would pay the receiver the balance up to $31,010.54, the sum which he had agreed to pay, including the mortgage upon the prior sale. At the foreclosure sale, Jermain, in pursuance of this agreement, bid the amount due upon the mortgage and the costs, and paid over to the receiver, in addition thereto, upwards of $9,000. Thereafter, Barnes claiming that that sum was a surplus realized upon the foreclosure sale, made this motion to have his judgment paid out of the same on the ground that it was a lien upon the real estate subject to the mortgage, and prior and superior to the title of the receiver.

As appears by the opinion of the General Term, it was there held that the fund which Barnes claimed to have applied on his judgment was not strictly surplus money arising upon the foreclosure sale, and upon that ground the court denied his claim. We might rest our decision here upon the same ground. But there is another ground still more radical and satisfactory. The receiver, upon his appointment, became vested with the title to all the property of the company, including its real estate. Section 7 of the act of 1869 authorized the court to appoint "a receiver of all the assets and credits" of the company, and provided that the receiver, upon filing his bond, shall "take possession of all the assets and credits" of the company. The word "assets," where it is used in the several sections of that act, manifestly means all the property, real and personal, of any company coming under its provisions. No provision is made in the act for any formal conveyance to the receiver, and it cannot be supposed to have been the intention of the

Statement of case.

legislature to leave the title to its real estate in the insolvent company subject to the risks of judgment liens or other complications. The purposes of the act require that such title should at once vest in the receiver, and we think the act should receive such a construction as to effectuate such purpose. It is not a general rule that a receiver can only take title from an insolvent person or corporation by a formal conveyance. The general rule is otherwise, as in the case of receivers appointed in supplementary proceedings, and receivers and assignees appointed in bankrupt proceedings, and in nearly all cases of the appointment of receivers of insolvent corporations. The title of receivers in such cases to real and personal property, both in this country and in England, is generally statutory, and not under any formal conveyance. But even if we are wrong in this, prior to the recovery of the judgment by Barnes, the receiver had the equitable title and the possession of the real estate. All the title, if any, which remained in the corporation was merely formal, and was held by it in trust for the receiver, which it could be compelled by the court at any time to convey to the receiver. The receiver's title was, therefore, superior to and older than the lien of the judgment.

It is, therefore, clear that the order of the General Term is right, and should be affirmed, with costs.

All concur.

Order affirmed.