ISAAC DICKERSON, Plaintiff, Appellee, v. THE CASS COUNTY BANK, Defendant, Appellee, WILLIAM TRAILER, JOHN A. FRANK, N. R. WILLIAMS, BARTH FRANK, GEORGE B. PRALL, T. N. HESSELGRAVE, Interveners, Appellants, and fifty-five other Interveners, Appellees.

**Receivers:** STATE BANK. Code, 2903, which provides for appointing a receiver whenever a party to a court proceeding shows a probable right or interest which is endangered, authorizes a court of equity to appoint a receiver of a state bank upon the petition of a stockholder. This is not changed by the fact that other statutes enable the auditor of state to have receivers appointed for insolvent banks, and provide for ousting corporations.

SUFFICIENCY OF PETITION. Jurisdiction to appoint is acquired by allegations on part of a stockholder that the assets of the bank are scattered, that it is doing a losing business, that a run is threatened and that the bank cannot maintain its credit.

WAIVER. Parties who acquiesce to a receivership and pursue their remedies under it, cannot question it after expense is made, unless it be absolutely void.

*Appeal from Cass District Court.*—HON. N. W. MACY, Judge.

WEDNESDAY, OCTOBER 2, 1895.

This is an appeal by interveners William Trailer, John A. Frank, N. R. Williams, Barth Frank, George

B. Prall, and T. N. Hesselgrave from an order over-
ruling their motion to set aside a former order appoint-
ing a receiver of the defendant bank, on the petition
of the plaintiff, a stockholder therein, and for the dis-
charge of said receiver.—*Affirmed.*

*De Lano & Meredith* and *Willard & Willard* for
appellants.

*Phelps & Temple, John Hudspeth, John W. Scott,
J. B. Rockafellow, R. G. Phelps, H. M. Boorman, Curtis
& Follett, Swan & Bruce,* and *Geo. M. Lyon* for appellees.

Given, C. J.—I.   The parties to this record are
many, their interests various, and consequently the
pleadings and proceedings are somewhat lengthy and
complicated.   Counsel have discussed the case with
much care and elaboration, and with extended quota-
tions from authorities, with the view, no doubt, of
anticipating every question that might suggest itself
upon an examination of the case.   As we understand
the record, the controlling questions are these:   (1)
Whether, in this state, a court of equity has power to
appoint a receiver of a state banking incorporation
on the application of a stockholder; (2) if so, whether
the plaintiff stated in his petition sufficient grounds
for such relief; (3) whether, under the law and the
facts, appellants should be held to be now estopped
from denying the legality of the appointment in
question.

II.   We first inquire whether our courts of equity
have power to appoint a receiver of a state banking
incorporation on the petition of a stockholder.   In
*French v. Gifford,* 30 Iowa, 148, this court says:
"The doctrine best sustained and most in con-
sonance with reason and justice seems to be
that courts of equity, aside from statutory provisions,

do not exercise a jurisdiction over a corporation as over a partnership to dissolve it and distribute its assets, but that they will afford a stockholder relief from the malfeasance of those intrusted with the management of the corporate business." Section 2903 of the Code provides as follows: "On the petition of either party to a civil action or proceeding wherein he shows that he has a probable right to or interest in any property, which is the subject of the controversy, and that such property or its rents or profits are in danger of being lost or materially injured or impaired, * * * the court, or in vacation, the judge thereof, if satisfied that the interests of one or both parties will be thereby promoted, and the substantial rights of neither unduly injured, may appoint a receiver to take charge of, and control such property under its direction during the pendency of the action." This statute is general, and applies to corporations as well as individuals, and every petitioner who brings himself within its provisions, whether it be as stockholder in a corporation or otherwise. Authorities are cited to the effect that a receiver will not be appointed on the application of the corporation. They are not in point, as this appointment was not upon such application. Others are cited to the effect that a receiver will not be appointed upon the petition of an individual stockholder. That depends upon whether his relation as stockholder gives him a "probable right to or interest in the assets of the corporation." Authorities are also cited to the effect that a receiver will not be appointed because of the insolvency of the corporation. That depends upon whether, by reason of the insolvency, the assets are in danger of being lost, injured or impaired. These inquiries arise upon the sufficiency of the showing, and not upon the question of jurisdiction. Appellant cites section 1572 of the Code, providing that the auditor, when satisfied

from its report that such an institution is insolv-
ent, shall direct the attorney general to commence
proper proceedings to have a receiver appointed.
They also cite chapter 6, title 20, of the Code, providing
for ousting corporations from their franchises and
winding up their affairs. It is contended that the
jurisdiction to appoint receivers of corporations is
limited to these sections. In one case the application
is by officers of the state, and in the other the power is
exercised by the court in a particular case. Surely
these special provisions do not exclude any rights
given to private individuals under that general statute
(section 2903). We think it is entirely clear that
courts of equity have jurisdiction to appoint receivers
of corporations, partnerships, and individuals upon the
petition of any person showing himself entitled to such
relief.

III. We next inquire whether, by his petition, the
plaintiff brought himself within the requirements of
section 2903. It is contended that, by the petition
upon which the appointment was made, the plaintiff
did not bring himself within the requirements of said
section 2903, in this: That he was not a party to a
civil action or proceeding, for that he makes no demand
against the defendant; that he does not show that he
has a probable right or interest in the assets of the cor-
poration, as, upon his showing there will be no surplus
for distribution to stockholders; that it is not shown
that the assets are in danger of being lost, injured, or
impaired; and that the only ground for the relief asked
is that creditors will pursue their legal remedies
against the bank and its assets. The petition
shows, in substance, this: That the defendant
bank was incorporated under the laws of this state for
the purpose of transacting a banking business, and had
been so engaged for a number of years, and that plaint-
iff was a stockholder therein; that said bank was

heavily indebted and so involved that it was impossible
for it to meet the claims due and to become due upon
it; that its assets were scattered, and of a kind that it
was impossible to realize on at once without great
sacrifice; that the bank was running its business at a
large daily expense and constantly losing money; that
it had not exceeding two hundred dollars in cash,
which was not sufficient to meet its daily checks, and
that its business was decreasing; that its creditors were
pressing payment, which it would be impossible for the
bank to make, and that there was danger that some
creditor would commence suit by attachment or other-
wise, and involve the bank in disastrous and costly
litigation, and compel the assets to be sacrificed by
creating a run on the bank.   Plaintiff, as a stockholder,
was subject to the liability created by section 1, chapter
208, Laws 1880 (Miller's Code, p. 443).   Under that sec-
tion he is liable to creditors of the bank to an amount
equal to his stock, in case the assets are found insuffi-
cient to pay the debts.   He has, therefore, a greater
right and interest in the assets of the bank than the
mere right to share in any surplus that may remain.
It was to his interest that the indebtedness of the bank
should not be increased by continuing in a losing
business, and that the assets should be preserved from
all unnecessary loss, sacrifice, or depreciation.   It was
to protect this "probable right to or interest in" the
property that this action was commenced.   As plaint-
iff he demands, against the defendant, that its assets
be taken from it, and administered by a receiver under
the orders of the court, to the end that he may be pro-
tected in his private rights as a shareholder, and that
the private wrong that would otherwise follow may be
prevented.   We think this is a civil action, within the
meaning of section 2505 of the Code, and that plaintiff's
petition shows him to have such a private right and
interest in the assets of the bank as entitles him to

maintain it. *Barbour v. Bank,* 12 N. E. Rep. (Ohio) 5. It is true, the petition does not state in direct terms that the bank was insolvent, but that such was its condition is fairly shown by the statements made. Insolvency is not the only ground shown for the appointment of a receiver. It was the duty of those in charge of the business of the bank to so manage its affairs as not to unnecessarily enlarge its indebtedness or expose its assets to unavoidable loss or depreciation. The petition shows that they were continuing the business at a loss, and had allowed the assets to become of such a character, and so scattered, that they could not be readily realized on without great sacrifice. This was malfeasance, against which a court of equity will afford a stockholder relief. *French v. Gifford, supra.* While it is true that consent of the bank to the order would not confer jurisdiction to make it, the fact of such consent would not take away jurisdiction, nor defeat the plaintiff's right to relief to which he was otherwise entitled. In view of the favor with which equity looks upon an equal distribution among creditors of the assets of insolvent debtors, and the provisions of section 1572, it may well be contended that insolvency alone is a sufficient ground for appointing a receiver on the petition of one who shows himself to have "a probable right or interest in" the assets of the debtor, and that they are in danger of being lost, injured, or impaired. How this may be we need not determine, as we think there are other grounds than insolvency stated. A receiver will not be appointed merely to prevent creditors from pursuing their legal remedies, but will be when the "property or its rents or profits are in danger of being lost or materially injured or impaired." The petition shows this condition in the scattered assets, in the losing business, the threatened run on the bank, and its inability to maintain its credit. Let it be conceded that the petition is

defective. Yet, if the court had jurisdiction, its order making the appointment would not be absolutely void. *Reinach v. Railroad Co.*, 58 Fed. Rep. 33; *In re James' Estate*, 33 Pac. Rep. (Cal.) 1123. Appellant quotes from *Bangs v. McIntosh*, 23 Barb. 601, as follows: "When this court has acquired jurisdiction, it may amend any process or proceeding to retain it and carry out and effectuate its object in furtherance of justice; but it cannot make a void proceeding valid by amendment in the same proceeding or matter. And I take it to be a fundamental rule that, when there is an absence of jurisdiction, the defect cannot be supplied by amendment or a supplemental proceeding so as to make the void proceeding valid from the beginning." *People v. Superior Court*, 18 Wend. 676; *Burke v. Barnard*, 4 Johns. 309. We have seen that the district court had jurisdiction in this case, and it follows that defects in the petition that might be cured by amendment would not defeat the jurisdiction nor render the action of the court void. It is our conclusion that the learned judge to whom this application was made had jurisdiction, under section 2903 and the allegations in the petition, to make the appointment that he did.

IV. Immediately upon his appointment, December, 27, 1893, the receiver qualified, and proceeded to perform his duties under the orders of the court. In the course of the proceedings issue was joined upon an allegation that the defendant bank had ceased to act under its articles of incorporation, and that it was a mere copartnership. It was adjudged upon this issue that the defendant bank was an incorporated bank under the laws of the state. As no appeal was taken from this decision, and as the defendant is treated in argument as an incorporated state bank, we so consider it. The legality of the appointment of this receiver was first questioned by the motion filed May 11, 1894, from the overruling of which this

appeal is taken.   Among the many proceedings had in the interim we notice the following:  On March 7th, appellants William Trailer, J. A. Frank, N. R. Williams, Barth Frank, and George B. Prall filed their petition of intervention, alleging, among other things, that they had proved their claim against the bank, that they were interested in the matter in litigation, that the bank had ceased to be a corporation and was simply a copartnership, and asking that the costs of the receivership be required to be paid by the plaintiff, and that the assets be applied to the payment of the debts of the bank as a copartnership.   On May 1st, G. S. Montgomery, C. K. Winslow, N. Richards, and W. C. and Anna Eliza Cooper, executors, filed their petition of intervention, alleging that the capital stock of the defendant bank was sixty thousand dollars, of which Montgomery owned three thousand dollars, Winslow six thousand dollars, Richards four thousand dollars, and the said Coopers twelve thousand dollars.   They set out that the receiver had collected large sums of money, that all the creditors had filed their claims, that since the beginning of this suit some of said creditors had begun separate suits, and that they, as such stockholders, ratified the appointment of said receiver and asked that he be continued in office.   On May 11th, William Trailer *et al.* filed an amendment to their petition of intervention, alleging that the appointment of the receiver was illegal, for reasons stated, and on the same day filed said motion to set aside the appointment of the receiver upon the grounds substantially as already shown in this opinion.   On May 14th, appellant Hesselgrave filed his petition of intervention, alleging that he was a creditor of the bank and assignee of the claims of said William Trailer, John A. Frank, and others, and that he had caused a writ of attachment to issue against the bank and stockholders, and to be levied upon the real estate of the

bank, and under which the assignee was garnished. He adopted the allegations made in the amendment to the petition of intervention of William Trailer *et al*, and joins in the prayer thereof that the appointment of the receiver be set aside and that he be discharged. On the same day, May 14th, J. H. Perkins and twenty-two other general creditors of the bank intervened, claiming that said attachment levies were void. On May 16th, said Montgomery *et al.*, owners of stock as aforesaid, answered the petitions of Trailer and Hesselgrave, and they and a number of the creditors of the bank filed objections to said motion to set aside the appointment of the receiver for various reasons stated. At the April term, 1894, said motion came on for hearing and on May 31st was overruled. The motion to set aside the appointment is not based upon any grounds arising after the appointment was made, but solely upon the grounds that we have already indicated. The record not only shows that these interveners filed their claims with the receiver, but to all appearances acquiesced in his appointment and action up to May 11, 1894. It appears that William Trailer signed both the temporary and permanent bonds of the receiver, and that J. A. Frank signed an attachment bond as surety for the receiver in an action brought by him. It appears that these appellants not only attended meetings of the creditors of the bank, but were present in court and fully informed as to all that was being done under the receivership. Not even in the intervention of William Trailer *et al.*, filed March 7th, wherein they sought to have the bank adjudged a partnership, do they question the legality of the appointment, but ask that the assets might be applied to the payment of the debts of the partnership. For several months these appellants acquiesced in the appointment of a receiver and were pursuing their remedies thereunder, and it was not until after large expense had been incurred in

the administration of the receivership, and the rights of parties quite generally adjusted and settled under the receivership, that these appellants conceived the idea of questioning the legality of the appointment, and seizing the property by attachment to the exclusion of the other creditors. While equity is slow to deny to any one his legal rights, surely it cannot approve a course that results so inequitably and unjustly as that pursued by the appellants. Having thus acquiesced in the appointment of the receiver, and in his actions under the orders of the court, and in the proceedings had upon the demands of the stockholders and upon the claims of the numerous creditors, they should not now be heard to question the legality of the appointment, which, as we have seen, was at most only voidable and not void. Space forbids that we should set out the pleadings and proceedings more in detail. We have stated sufficient, we think, to show that the order and judgment of the district court overruling the appellant's motion to set aside the receiver and to discharge him should be affirmed. This conclusion renders it unnecessary that we should consider appellee's motion to affirm.—*Affirmed.*