[No. 19102.  Department Two.  May 13, 1925.]

DAVENPORT NATIONAL BANK, *Respondent*, v. JOSEPHINE
DITMAR, *Appellant*.[1]

RECEIVERS (27)— APPOINTMENT — ESTOPPEL TO ATTACK APPOINT-
MENT.  Defendant in an action on a note is estopped to question the
validity of the appointment of a receiver to conserve her property,
where she consented in writing to the appointment, acquiesced in
his possession and made no objection to his reports or to sales made
by him.

Appeal from a judgment of the superior court for
Lincoln county, Lindsley, J., entered August 2, 1924,
confirming a receiver's sale, after a hearing upon ob-
jections thereto.  Affirmed.

*Lund & Dodds* and *P. C. Shine,* for appellant.

*Pettijohn & McCallum* and *Hamblen & Gilbert,* for
respondent.

MITCHELL, J.—In January, 1922, the Davenport Na-
tional Bank commenced an action at law against Jose-
phine Ditmar to recover a judgment in the sum of
$10,846 on a promissory note then overdue.  At the
same time, a showing was made that she was heavily
in debt, threatened with a number of suits at the in-
stance of creditors; that she was without means or
credit that were necessary to conserve her property
and to prepare her large farming property for seeding
and cultivation in order to meet and reduce her obli-
gations.  The court was asked to appoint a receiver.
One was appointed, and the defendant in her duly veri-
fied answer to the complaint, admitted the indebted-
ness sued on and consented to the appointment of a
receiver, knowing at that time who the receiver was.
Indeed we think it satisfactorily appears from the rec-

[1] Reported in 235 Pac. 955.

ord that she knew, before the action was commenced, that it would be commenced, that a receiver would be asked for and who the court would be asked to appoint, all of which met her approval as the best manner of caring for the demands of her creditors and providing through better prices for crops and improved general conditions that were hoped for to be able to handle her embarrassed financial affairs. After two years operation of the farm, the receiver failed to materially reduce the indebtedness, whereupon a receiver's sale of the property was petitioned for and ordered. Such sale was made, reported and confirmed.

The defendant, who had continued to reside on the premises with her family, refused to vacate the premises; and thereupon the court was asked for a writ of assistance to put the purchaser in possession. This application was resisted by the defendant; and about the same time, July, 1924, she filed a petition alleging that the court had no authority or power to appoint a receiver, and that fraud was practiced upon her in the making of the appointment and that all acts performed by the receiver were void.

To this petition, the receiver made answer, denying all charges of fraud, and alleging that the defendant had consented to and participated in the receivership, that she had accepted compensation from the receiver for her services on the farm while it was being operated by him, that she had ratified and approved the appointment of the receiver in many ways, and was estopped from raising any objections to the appointment or to the sale of the property or asserting any rights adverse to those of the purchaser at the receiver's sale. The petition for a writ of assistance, and the defendant's challenge to the validity of the appointment and acts of the receiver, were heard to-

gether by the court, who decided both against the defendant. She has appealed.

As to the complaint that the appellant was imposed on by fraud connected with the appointment of the receiver, there was an abundance of convincing evidence to sustain the court's conclusions against the charge, a consideration of which proof leads us to the same view. The other assignments of error present the question of the validity of the appointment of the receiver and of his acts as such. The argument on behalf of the appellant is that the plaintiff was a simple contract creditor, and that, under the statutes of this state, a court of equity will not exercise jurisdiction by way of interference through a receiver with an individual debtor's property prior to judgment. It may be seriously questioned, under the proof in this case, if there was any interference with appellant's property by the appointment of a receiver, or anything other than prosecuting and carrying out a plan according to her own choice and desires to save her estate if possible from threatened ruin. But whether so or not, we are satisfied that the conduct of the appellant has been such that she must be held to have acquiesced in, and to be estopped from denying, the validity of the receivership.

She promptly consented in writing to the appointment made. To supply the receiver with means to operate the farm receiver's certificates were authorized, issued and sold in considerable amounts during the two years the receiver operated the farm under the directions of the court. Upon notice to creditors some thirty of them, unsecured, presented claims to the receiver which upon consultation with the appellant as to their being correct were approved by the receiver. She continued to reside on the farm with her family by permission of the receiver and received from him

advancements for her support and compensation for her services rendered on the farm. The proceeds from the farm were applied on the payment of expenses, interest on outstanding mortgages which she owed, and taxes. The receiver made reports to the court from time to time, and in the fall of 1923, after two farming seasons, it appearing useless to make further effort to reduce the indebtedness except by sale of property, a petition for authority to sell was granted and property sold. No objection to the sale was made by the appellant, though she knew of the petition for it and of the sale made. She attended the sale in person and by her attorney. She filed objections to the confirmation, not on the ground of the lack of power to make the sale, but because of the alleged inadequacy of the price obtained and that it was an inopportune time to sell the property. Hearing on the confirmation was continued from time to time at her request, until finally her attorney no longer requested continuance and approved the form of the order confirming the sale and directing conveyance to be made to the purchaser. She was conversant with all proceedings and steps taken, and never appealed from any of them until the present ones arising on proceedings after the sale had been made and confirmed, purchase money paid and deed issued. Many or nearly all the claims, in large amounts, of the unsecured creditors have been hindered and delayed in collection and have become otherwise barred in reliance upon the receivership proceedings.

Under such circumstances as are shown in this record, the appellant cannot now be heard to complain that the receiver was improperly appointed. She alone is complaining, none of her creditors are objecting.

High on Receivers (4th ed.), § 37, says:

"Where parties to the action are before the court upon the appointment of a receiver, and have a right

to object to the order of the court, or to appeal there-
from, but submit to the order without objection and
without subsequently appealing, their submission will
be deemed an acquiescence in the order, so far as to
render it the law of the case with respect to the right
to a receiver.''

That the doctrine of estoppel is applicable here is
shown by many authorities, some of which are the fol-
lowing: *Hardt v. Levy,* 79 Hun (N. Y.) 348, 29 N. Y.
Supp. 373; *First National Bank of Auburn v. Superior
Court,* 12 Cal. App. 335, 107 Pac. 322; *Salmond v. Price,*
13 Ohio 368, 42 Am. Dec. 204; *Greeley v. Provident
Savings Bank,* 103 Mo. 212, 15 S. W. 429.

Judgment affirmed.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MACKIN-
TOSH, JJ., concur.