SAM OLSHAN and GUSSIE OLSHAN, complainants-appellants.

*v.*

LOUIS CHRYSTAL et al., defendants-respondents.

[Submitted May term, 1927.   Decided October 17th, 1927.]

1. Complainants, moving for a reference to ascertain the amount due on their mortgage sought to be foreclosed, with the knowledge that the legal question whether default in keeping up fire insurance gave the mortgagee the right to call unmatured principal was raised by bill and answer, cannot challenge on appeal the court's authority to refer such question to a master.

2. Complainants going to hearing without making jurisdictional objection, after notice of defendant's motion for a final decree, cannot question on appeal the court's jurisdiction to enter such decree without special order of reference.

3. A mortgagee could not call for payment of the principal before maturity because of violation of a covenant to keep up fire insurance in the absence of a provision in the mortgage authorizing him to do so.

4. *P. L. 1918 p. 821 § 6*, suggesting an abbreviated form of mortgage authorized a mortgagee to call for payment of the principal on default of keeping up fire insurance, does not authorize such action under a mortgage in the old form.

5. The mistakes of the legislature should be corrected by that body and not by the court.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Berry.

*Messrs. Corn & Silverman,* for the complainants-appellants.

*Mr. Irving Weinstein,* for the defendant-respondent A. W. Realty Company.

The opinion of the court was delivered by

WHITE, J.

This appeal is from a decree of the court of chancery, advised by Vice-Chancellor Berry, dismissing a bill to foreclose a mortgage before its maturity. The default re-

lied on to authorize the premature calling for payment of the principal is a failure for thirty days after notice to perform the covenant contained in the mortgage to keep up a stipulated amount of fire insurance for the benefit of, and assigned to, the mortgagee, it being admitted that there was no other default either in payment of principal, interest, production of tax receipts or otherwise. The bill set up the default in the furnishing of the fire insurance, the taking out of fire insurance by complainant and the payment by him of the premium ($90.10) for the same; due demand upon defendants for the amount of premium so paid, and failure by defendants to comply with such demand. The bill thereupon alleged that the full amount of principal with interest from the last interest period had become due. The answer denied that there was any amount of principal or interest due and set up alleged excusing circumstances for the delay in taking out the fire insurance, which, by the way, was subsequently taken out by the defendant-appellant and tendered to the complainant, and that being refused, payment of the amount ($90.10) expended by complainant for fire insurance, was also tendered and refused.

A decree having been taken *pro confesso* against the defendants other than the present defendant-respondent (they having been the former owners of the property since the giving of the mortgage and not having filed any answer) the bill and the answer of this defendant-appellant were, upon the motion of complainants, referred by the vice-chancellor to a master to ascertain and report what was due on the principal and interest of the mortgage. The master's report found that nothing was so due because the language of the bond and mortgage ·did not authorize the calling of the principal before maturity for failure to keep up fire insurance; and upon exceptions filed by the complainants the report was confirmed by the vice-chancellor; and upon defendant's motion, after notice, a final decree of dismissal of the bill and allow-·ance of costs and counsel fee to the defendant-respondent was advised by the vice-chancellor ·and subsequently duly entered.

This appeal, while seeming to concede the authority of the vice-chancellor to deal with the exceptions to the master's

report, vigorously challenges his authority—(1) to refer to a master the legal question of whether or not under the terms of the mortgage a default in keeping up fire insurance gave the mortgagee the right to call the unmatured principal, and (2) the authority of the vice-chancellor in the absence of a special reference, to enter a final decree in the cause. We think the first point is without merit because it was the complainants themselves who, with knowledge that the legal point in question was raised by the bill and answer, moved that the matter be referred to a master; and as to the second point, the final decree was advised upon defendant's motion after notice to the complainants, and if it was improper for the vice-chancellor to hear and pass upon this motion because there had been no special reference of the case to him, the point should have been raised by the complainants at that time, instead of which they went to a hearing and made no jurisdictional objection whatsoever. Under these circumstances it is too late now to question the jurisdiction of the vice-chancellor. *Delaware Bay and Cape May Railroad Co.* v. *Markley, 45 N. J. Eq. 139.*

This we think brings us to the real substantial question involved in the appeal, and that is the right of the mortgagee to call for the payment of the principal before maturity because of a violation of the fire insurance covenant of the mortgage. The mortgage (which is in the old stereotyped form) expressly provides for a calling of the principal before maturity at the option of the mortgagee in case of default for thirty days in the payment of interest or taxes, both of which the mortgagor covenants to pay. But while the mortgagor also covenants to keep up a stipulated amount of fire insurance at his own expense for the benefit of, and assigned to, the mortgagee, the penalty for a violation of this covenant is expressly fixed by the terms of the mortgage to be the right of the mortgagee to place this insurance himself at his own expense and have the amount of the premium paid by him added to the amount secured by the bond and mortgage, and payable on demand with interest. The mortgage does not provide, as it might well have done, that in addition to

this remedy the mortgagee might also at his option, as in case of the other defaults above mentioned, call for payment of the entire principal and interest, including the additional amount paid for the insurance so taken out. The mortgage, however, did not so provide, and, of course, in the absence of such a provision the mortgagee was without power to alter the maturity date of the principal as fixed by his contract with the mortgagor.

It is suggested that it was obviously the purpose of the act with reference to mortgages, passed in 1918 (section 6, chapter 226 of the laws of that year), to so change the language of the fire insurance covenant of the old stereotyped form of mortgage in common use, that a violation of the fire insurance covenant would vest the mortgagee with authority at his option to also call for the payment of the principal. The difficulty with this suggestion is, that curiously enough, what the section in question really does say is that in case a mortgage should be prepared according to the abbreviated modern form suggested by the act in question, which expressly authorizes the mortgagee at his option to call for the payment of the principal in case of default in keeping up fire insurance, the real meaning of such improved abbreviated form shall be exactly what the old stereotyped form said, viz., that the mortgagee might purchase the insurance himself and add the cost of it to the mortgage, without a word of authority for him to call for payment of the principal. Quite obviously this was a mere slip on the part of the legislature, but it should be corrected by that body and not by what would amount to judicial legislation if this court should attempt by alleged interpretation to supply what it may think the legislature really intended to enact, but did not.

For the reasons above stated, the decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.